UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARMANDO OSCAR GALIANO VILLANUEVA,        Civil Action No.

                Plaintiff,

   -against-

SUPERIOR CAFE CORP.,

                Defendant.
-------------------------------------------------------------------X

# COMPLAINT

      Plaintiff, ARMANDO OSCAR GALIANO VILLANUEVA ("Plaintiff"), as and for his Complaint against Defendant, SUPERIOR CAFE CORP. ("Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.     Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.1 ("Basic Minimum Hourly Wage Rate and Allowances") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) to recover unpaid overtime compensation, unpaid minimum wage, and for other relief.

      2.     Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendant as a dishwasher and cleaner from on or about July 27, 2016 until on or about May 23, 2017.

6. Upon information and belief, Defendant is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

## FACTS

7. At all times relevant to this action, Plaintiff was employed as a dishwasher and cleaner for the benefit of and at the direction of Defendants at their restaurant located at 1490 Madison Avenue, New York, New York 10029.

8. Plaintiff's responsibilities included washing dishes, cleaning the kitchen, taking out the trash, and cleaning the bathrooms.

9. From on or about July 27, 2016 until on or about April 2017, Plaintiff worked six days per week, Monday through Friday from 9:00 a.m. until 9:00 p.m., and Saturday from 9:00 a.m. until 7:00 p.m.

10. During this time, Plaintiff received and took one thirty-minute meal break per shift.

11. During this time, Plaintiff worked sixty-seven (67) hours per week.

12. From on or about April 2017 until the end of his employment, Plaintiff worked six days per week, Monday through Friday from 9:00 a.m. until 9:00 p.m., and Sunday from 9:00 a.m. until 7:00 p.m.

13. During this time, Plaintiff received and took one thirty-minute meal break per shift.

14. During this time, Plaintiff worked sixty-seven (67) hours per week.

15. During his employment, Defendant paid Plaintiff ninety dollars ($90.00) per day, regardless of how many hours Plaintiff worked.

16. During his employment, Defendant paid Plaintiff in cash on a weekly basis.

17. During his employment, Plaintiff clocked in to his shifts at the start of his work day; however, every shift Plaintiff worked, he was punched out at 3:00 p.m. regardless of how late he worked.

18. During his employment, Defendant did not pay Plaintiff overtime compensation.

19. During his employment, Defendant did not pay Plaintiff one and a half times his regular rate of pay when he worked more than forty (40) hours each week.

20. During his employment, Defendant did not pay Plaintiff minimum wages pursuant to the requirements of the NYLL.

21. During his employment, Plaintiff's shifts equaled or exceeded a ten (10) hour spread each day that he worked.

22. During his employment, Defendant never paid Plaintiff spread of hours compensation for any day in which Plaintiff's hours were spread equal to or beyond ten (10) hours in a day.

23. During his employment, Defendant failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

24. During his employment, Defendant failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

25. During his employment, Defendant failed to provide Plaintiff with accurate weekly paystubs as required by NYLL section 195(3).

26. Defendant did not give Plaintiff a cash receipt or a paystub during any week of his employment.

27. Defendant managed Plaintiff's employment, including the amount of overtime worked.

28. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. Defendant was aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

30. Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

31. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

32. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

33. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

34. At all times relevant to this Complaint, the corporate Defendant has, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who was employed as a dishwasher and cleaner.

35. Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant for the year 2016 was not less than $500,000.00.

36. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

38. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

39. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

40. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

41. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA.

42. Defendant has not acted in good faith with respect to the conduct alleged herein.

43. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

COUNT II
VIOLATION OF THE NEW YORK LABOR LAW
ARTICLE 6 AND 19
FAILURE TO COMPENSATE FOR OVERTIME

44. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

46. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA.  12 NYCRR § 142-2.2.

47. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

48. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendant.

49. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

50. Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or has shown a reckless disregard for the matter of whether its conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

51. As a result of Defendant's violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO PAY MINIMUM WAGE

52. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53. At all relevant times to this action, Plaintiff has been an employee of Defendant, and Defendant has been an employer of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

54. At all relevant times, Plaintiff has been covered by the NYLL.

55. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff.

56. As set forth herein, Defendant regularly and routinely failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

57. Defendant willfully failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

58. As a result of Defendant's unlawful practices, Plaintiff has suffered a loss of wages. As a result of Defendant's violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendant his unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT IV
### NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE NOTICES

59. Defendant willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

60. Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

61. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### COUNT V
### NYLL SECTION 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

62. Defendant willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

63. Through its knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

64. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

65. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. Plaintiff's shifts were spread equal to or beyond ten (10) hours per day each work day during his employment.

67. Defendant never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

68. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

69. As a result of Defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime, minimum wages, and spread of hours pay to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL.

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

  D.  Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and/or the NYLL, and statutory penalties under the NYLL; and

  E.  Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   July 5, 2017

                _____
                Neil H. Greenberg, Esq.
                Neil H. Greenberg & Associates, P.C.
                *Attorneys for the Plaintiff*
                4242 Merrick Road
                Massapequa, New York 11758
                Tel: 516.228.5100
                Fax: 516.228.5106
                nhglaw@nhglaw.com

### FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Superior Café Corp** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Superior Café Corp** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)