# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between SUPERIOR CAFÉ CORP., on the one hand, ("Defendant"), and ARMANDO OSCAR GALIANO VILLANUEVA, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendant are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendant and Plaintiff are parties to a lawsuit in the United States District Court for the Southern District of New York, entitled *Villanueva v. Superior Café Corp.*, 17 CV 05039 (PGG) (the "Civil Action");

WHEREAS the Defendant and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendant for itself and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendant of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendant as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1.      In consideration for the payment of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) ("the Settlement Payment") as set forth in paragraph 2. herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendant ("RELEASEES"), for alleged unpaid overtime pay and minimum wages arising from the Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay, minimum wages, spread of hours compensation, failure to provide wage notices, and failure to provide wage statements arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement.

2.      The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

> a. Within 30 days of the Court approving this Settlement Agreement and dismissing this action against Defendant with prejudice and continuing for a period of 6 consecutive additional months, Defendants shall pay the sum of $5,000.00 each month as follows:
>
>> i. Issue a check to Plaintiff in the amount of $3,340.00, made payable to "Armando Oscar Galiano Villanueva" for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.
>>
>> ii. Issue a check to NEIL H. GREENBERG & ASSOCIATES, P.C. in the amount of $1,660.00, made payable to "Neil H. Greenberg & Associates, P.C." Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this payment.
>>
>> iii. Of the Settlement Payment, Plaintiff shall receive a total of $23,380.00 and NEIL H. GREENBERG & ASSOCIATES, P.C. shall receive a total of $11,620.00.

3.      On or about January 31, 2019, Plaintiff shall receive from Defendant and Defendant shall file with the Internal Revenue Service a Form 1099 reflecting payment to the Plaintiff of that portion (if any) of the Settlement Payment which was received by him in the prior calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold Defendant harmless for any and all Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff or the Defendant, at any time, with the exception of Defendant's portion of FICA and FUTA, if any.

4.      Plaintiff admits and acknowledges that he: (i) has had an opportunity to consult with an attorney and determine whether this settlement is reasonable and fully satisfies his

claims against Defendant; (ii) has been paid and received all bonuses, payments, commissions, severance and benefits to which he may be entitled from Defendant and that no leave (paid or unpaid) or other compensation is due to him as a result of the settlement of the Civil Action; (iii) understands that the consideration set forth in paragraphs 1 and 2 of this Agreement shall not be considered wages for purposes of pension or any other employment-related benefits; and (iv) understands he is not entitled to any other compensation, monies, relief or recovery whatsoever, except as set forth in paragraph 1 and 2 of this Agreement.

5. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

6. Upon delivery to the Defendants of this fully executed Agreement, the Plaintiff shall deliver to Defendant's counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice against Defendant and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action against Defendant with prejudice.

7. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

8. Plaintiff agrees that he will not at any time in the future knowingly seek employment with Defendant, or Releasees and hereby waives any right that may accrue to him from any application for employment that he may make (whether knowingly or unknowingly), or any employment that he may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove himself from consideration for future employment with Defendant, and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment he may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that he has no right to any reinstatement or re-employment by Defendant, or Releasees at any time.

9. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

11. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

13. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

14. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

15. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

16. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

17. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

18. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

19. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

20. Concurrently with the execution of this Agreement, Rassam Almontaser shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit A. Defendant shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiff's counsel. Plaintiff and Defendant agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendant shall be liable to Plaintiff in the total amount of Forty

4

Thousand Two Hundred Fifty Dollars ($40,250.00) less any amounts already paid pursuant to paragraph 2 above. Defendant will be considered in default of this Agreement if it fails to timely deliver to the Plaintiff's attorney the payments set forth in paragraph 2 of this Agreement and such failure is not cured within ten (10) business days after receipt of written notice to cure any defaults [an "Event of Default"]. If after ten (10) business days after receipt of written notice of default Defendant has failed to cure the default, and an "Event of Default" is deemed to have occurred, the amount of Forty Thousand Two Hundred and Fifty Dollars ($40,250.00) minus any payments made pursuant to this Agreement will immediately become due to the Plaintiff, and the Plaintiff may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendant's Counsel, Harold H. Weisberg, Esq., via email transmission at hhwl@verizon.net and via First Class U.S. Mail. Upon complete satisfaction of all payments set forth in Paragraph 2, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and shall retain no copies of same.

IN WITNESS WHEREOF, Plaintiff and Defendant have duly executed this Agreement & Release.

SIGNATURES ON FOLLOWING PAGE

Plaintiff:

_____
ARMANDO OSCAR GALIANO VILLANUEVA

Defendant:

SUPERIOR CAFÉ CORP.

By: _____
KASSAM ALMONTASER, Pres

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARMANDO OSCAR GALIANO VILLANUEVA,    17-CV-5039 (PGG)(RWL)

                Plaintiff,

      -against-

SUPERIOR CAFE CORP.,

                Defendant.
-------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK     )
                                 ) ss.:
COUNTY OF NEW YORK  )

KASSAM AL MONTASER, being duly sworn, deposes and says:

1. I am a principal of Defendant, Superior Café Corp. ("Corporate Defendant").

2. I am duly authorized to make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

3. This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed as justly due is set forth below.

4. In or about May 2018, Defendant agreed to pay the total sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement Agreement (the "Agreement"), attached hereto as Exhibit A.

5. Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00).

6. Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of Forty Thousand Two Hundred and Fifty Dollars ($40,250.00), less any payments made by Defendant under said Agreement.

7.  Under the terms of the Agreement, if Defendant is in default in the payment of any portion of the Thirty-Five Thousand Dollars ($35,000.00), Plaintiff shall provide ten business (10) days' notice to Defendant of his intent to file the Affidavit for Confession of Judgment with the court. Defendant shall have ten business (10) days to remedy their default.

8.  Accordingly, if Defendant does not remedy its default within ten business (10) days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Forty-Thousand Two Hundred Fifty Dollars and Zero Cents ($40,250.00) less any payments made by Defendants under said Agreement, against myself.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: NEW YORK, New York

JULY 9TH, 2018

SUPERIOR CAFE CORP.

by _____
RASSAM ALMONTASER, PRES.

STATE OF NEW YORK     }
                      } S.S.
COUNTY OF NEW YORK    }

On JULY 9, 2018, before me personally came RASSAM ALMONTASER, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

HAROLD H. WEISBERG
Notary Public, State of New York
No. 02WE4302190
Qualified in New York County
Commission Expires July 31, 2021